IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KASINE GEORGE, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-14-25
:
PENNSYLVANIA BOARD OF : (Judge Brann)
PROBATION AND PAROLE, :
:
    Defendant :

## MEMORANDUM

April 24, 2014

**Background**

Kasine George, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. After being directed to do so, Plaintiff submitted an in forma pauperis application. See Doc. 5.

Named as sole Defendant in the Complaint is the Pennsylvania Board of Probation and Parole (Parole Board). Plaintiff seeks declaratory and injunctive relief. The Complaint consists of the following seventeen (17) single sentence paragraphs:

    1.    That the Defendants violated his constitutional right, when resubmitting same sentence on him again which is false and inaccurate.

1

2. That false or inaccurate information has caused Plaintiff to be held longer than he should have been.

3. That deprivations were likely to recur.

4. That others are taking some action against person in violation of his civil rights or have threatened to take any action in the future.

5. Irreparable injury.

6. That he will again be subjected to the alleged illegality.

7. That he had sustained or was immediately in danger of sustaining some direct injury as result of the challenged official conduct and the injury or threat of the injury was required to be both real and immediate, not conjectural or hypothetical.

8. That Defendants acted under color of state law.

9. That he has suffered mental and emotional distress caused by the conduct as result of action taken.

10. That defendant acted with actual knowledge.

11. A deprivation of a federally protected right, and that this deprivation was committed by one acting under color of state law.

12. Deprivation of the protection against double jeopardy.

13. Deprivation of liberty arising out of denial of procedural due process.

14. That he will suffer irreparable damages and that he has no adequate remedy at law.

    15.    That extended detention was cause of his loss of liberty.

    16.    That defendants were directly and personally responsible for purported unlawful conduct.

    17.    He is entitled to relief.

Doc. 1.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent

that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The vague claims set forth in the Complaint indicate that Plaintiff is alleging that he was subject to either an unconstitutional denial of parole and/or attacking the duration of his current Pennsylvania state incarceration.[1]

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition.  Preiser v. Rodriguez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993).  Federal habeas corpus review

---

[1] Due to the sparseness of the Complaint, the actual nature of George's pending claim is unclear.  It is also unknown when or how the challenged conduct occurred.

is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). The Third Circuit in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), reiterated that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence."

Likewise, a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. Edwards v. Balisok, 520 U.S. 641, 646 (1997); Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus). Pursuant to Edwards, Plaintiff's apparent request for injunctive relief which likewise implies the invalidity of the denial of his parole application is also not properly raised in a civil rights complaint. Accordingly, to the extent that George is seeking his release from imprisonment or challenging the length of his confinement, such requests for relief are not properly asserted in a civil rights complaint.

As previously noted, the sole Defendant listed in the Complaint is the Pennsylvania Board of Probation and Parole. The Supreme Court of the United States has recognized that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). It has been similarly concluded by the Third Circuit that Pennsylvania's Board of

Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies such as the state police are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

However, the United States Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) announced that prisoners may challenge the constitutionality of state parole proceedings in § 1983 actions seeking declaratory and injunctive relief.[2] The Court indicated that such actions could only be employed in cases where success of the procedural challenges would not necessarily require immediate or speedier release for the prisoner.

---

[2] It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Moreover, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCi-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); Thorpe v. Grillo, 80 Fed.Appx. 215, 2003 WL 22477890 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed).

In the present case, Plaintiff has filed a vague and sparsely worded Complaint which does not set forth the nature of his claim.  Since George does contend that he is being held longer than he should have been (Doc. 1, ¶ 2), a finding in his favor would apparently result in a finding that he is entitled to immediate or speedier release. Thus, it does not appear that Plaintiff's pending action falls under Wilkinson.

**Conclusion**

Since Plaintiff's vague allegations appear to challenge the duration of his ongoing state imprisonment they are more appropriate for federal habeas corpus review and not properly asserted in a civil rights action.  If George wishes to attack the fact or duration of his ongoing Pennsylvania state confinement, his appropriate federal court remedy would be to seek federal habeas corpus relief.  See Leamer, 288 F.3d at 540.

In the alternative, if George wants to pursue Wilkinson-type civil rights claims, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum and Order.  Any reconsideration motion should be accompanied by a proposed amended complaint which clearly sets forth the factual basis underlying his claims.

Since Plaintiff's pending civil rights complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge